## COMMONWEALTH v. J. N. MURRELL.

**Bastardy—Bond—Liability of Bondsmen.**

> A person accused of bastardy, when arrested and brought before the court, is required to give bond for his appearance in the county court of the county in which the warrant issued, on the first day of the next term thereof, and to perform the judgment of said court, but when a bond fails to bind the security for the principal's performance of the judgment of the court, it only requires the surety to surrender his principal in execution of any judgment rendered against him, and by doing so the surety is discharged from all liability.

### APPEAL FROM ADAIR CIRCUIT COURT.

November 1, 1877.

OPINION BY JUDGE COFER:

David Turk, on the information of Louis Montgomery, was arrested and brought before the judge of the Adair County Court on a charge of bastardy, and executed bond with appellee as his security for his appearance on the first day of the March term, 1876, of the Adair County Court to answer the charge and to render himself amenable to the orders and process of said court in the prosecution of said charge, and if convicted to render himself in execution thereof.

At the March term, 1876, Turk appeared, was tried, and a verdict of $125 rendered against him, and being unable to give bond therefor was committed to jail, and a motion was then made in the county court for a forfeiture of appellee's bond executed before the county judge for the appearance of Turk before the county court. The court overruled this motion, and appellant took the case to the circuit court, where that judgment was affirmed; and from that judgment the case has been brought here by appeal.

The law requires the person accused of being the father of a bastard child, when arrested and brought before the proper officer, to

give bond with good security in a sum to be fixed by the judge of the county court of the county "for his appearance in the county court of the county in which the warrant issued on the first day of the next term thereof, and to perform the judgment of said court."

This bond fails to bind the security for Turk's performance of the judgment of the court. It only requires appellee to surrender Turk in execution of any judgment rendered against him, and this duty appellee faithfully performed, for he not only surrendered him, but the court made an order releasing him as Turk's surety, and after the verdict against Turk put him in jail. The county judge failed to require Turk to execute bond for his appearance, and also that he would perform the judgment of the court, but as appellee can only be held bound for the breeches of the covenants in his bond, and as he performed all the conditions of the bond he executed he was guilty of no breach thereof. The judgment below was right and is hereby *affirmed*.

*C. M. Sallee, for appellant.*

*Baker & Hindman, Sampson, for appellee.*